IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WALLACE, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No. 4:15-cv-3324 |
| | § | |
| HORACE MANN LLOYDS | § | |
| INSURANCE COMPANY AND | § | |
| JEFFREY JOHNSTON, | § | |
| | § | |
|    Defendants. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Horace Mann Lloyds Insurance Company ("Horace Mann") files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

I.
**FACTUAL AND PROCEDURAL BACKGROUND**

1.  On October 6, 2015, Plaintiff James Wallace filed his Original Petition in the matter styled *James Wallace vs. Horace Mann Lloyds Insurance Company and Jeffrey Johnston*, Cause No. 15-DCV-226924 in the 434th Judicial District Court of Fort Bend, Texas.  The lawsuit arises out of a claim Plaintiff made for damages to his property under insurance policy no. 42-001107165, issued by Horace Mann Lloyds Insurance Company, effective July 14, 2015 through July 14, 2016.

2. Plaintiff served Jeffrey Johnston with a copy of the Original Petition on or about October 13, 2015. Plaintiff served Horace Mann with a copy of the Original Petition on or about October 15, 2015.

3. Defendant Horace Mann files this Notice of Removal within 30 days of receiving Plaintiff's pleading. *See* 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.* All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff. As required by 28 U.S.C. §1446(a), being filed simultaneously with the filing of this Notice of Removal is an Index of State Court Documents, which is attached hereto as Exhibit "A."

4. A copy of the Case Summary Sheet is attached hereto as Exhibit "1." A copy of the Docket Sheet is attached hereto as Exhibit "2." A copy of Plaintiff's Original Petition is attached hereto as Exhibit "3." A copy of the Civil Case Information Sheet is attached hereto as Exhibit "4." A copy of the Request for Process is attached hereto as Exhibit "5". A copy of the Return of Service of Jeffrey Johnston is attached hereto as Exhibit "6." A copy of the Executed Citation of Jeffrey Johnston is attached hereto as Exhibit "7." A copy of the Certified Mail Receipt to Jeffrey Johnston is attached hereto as Exhibit "8." A copy of the Return of Service as to Horace Mann is attached hereto as Exhibit "9." A copy of the Executed Citation of Horace Mann is attached hereto as Exhibit "10." A copy of the Certified Mail Receipt to Horace Mann is attached hereto as Exhibit "11." A copy of the Original Answer filed by Horace Mann Lloyd Insurance Company is attached hereto as Exhibit "12" and a copy of the Original Answer filed

by Jeffrey Johnston is attached hereto as Exhibit "13." A List of Parties and Counsel is attached hereto as Exhibit "B".

5. Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division embraces Fort Bend County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

6. Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a) and 1446.

**A. The Proper Parties Are Of Diverse Citizenship**

7. Plaintiff is, and was at the time the lawsuit was filed, a resident of Fort Bend County, Texas, and a citizen of the State of Texas. *See* Pl's Original Pet. ¶ 1, attached hereto as Exhibit "3."

8. Defendant Horace Mann is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an association of underwriters, each of whom, at the time this action was commenced were, and still are, citizens and residents of the state of Illinois. Therefore, Defendant Horace Mann is a citizen and resident of the state of Illinois for diversity purposes. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyd's Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("the citizenship of State Farm Lloyd's must be determined solely by the citizenship of its members, or underwriters."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) (finding that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, and denying remand).

9. Upon information and belief, Defendant Johnston is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.

10. With respect to the claims against Johnston, it is Defendant Horace Mann's position that he has been fraudulently joined in this action. Therefore, the Texas citizenship of Johnston should be disregarded for the purposes of evaluating diversity in this matter.

11. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied,* 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

12. Here, Plaintiff asserts generic claims against Johnston for violations of the Texas Deceptive Trade Practices Act, and the Texas Insurance Code, as well as breach of the duty of good faith and fair dealing. *See* Pl's Original Pet. ¶¶ 18-24, attached hereto as Exhibit "3." Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Johnston because no real facts relating to him have been set forth. Plaintiff's claims against Johnston consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007). *See also Ashcroft v Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Johnston] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D.

Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Johnston, his presence should be disregarded in determining diversity jurisdiction.

13. In fact, counsel for Plaintiff has a history of filing lawsuits against insurance carriers and independent adjusters where they fail to plead any real facts against the adjuster, in an effort to avoid federal diversity. For example, in *Dalton v. State Farm Lloyd's, Inc.*, 2013 WL 3157532 *6 (S.D. Tex. June 19, 2013), where the same attorney represented the insured Dalton in the Southern District of Texas before Judge Harmon, the Court noted: "The allegations against [the individual adjuster] are minimal and provide no facts and therefore fail to establish a plausible claim. For the most part the allegations merely track the statutory provisions, alleging only that [the individual adjuster] inspected the Property and that he submitted an undervalued repair estimate to State Farm." Attached hereto as Exhibit "C". The *Dalton* Court concluded the individual adjuster was improperly joined and must be dismissed. *Id.*

14. The Northern District, Fort Worth Division recently addressed similar deficient pleadings in an Order dated May 28, 2015, dismissing the claims against adjusters in three cases and ruling "the claims adjuster was named as a defendant . . . for the purpose of attempting to defeat federal court jurisdiction." *Ogden v. State Farm Lloyds, et al.,* Civil Action No. 4:15-CV-139-A, 2015 WL 3450298 at *3 (N.D. Tex. May 28, 2015) (McBryde, J.), attached hereto as Exhibit "D".

15. In addition, in *Davis v. Metropolitan Lloyds Ins. Co. of Texas*, Civil Action No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015) (McBryde, J.), attached hereto as Exhibit "E", Judge McBryde began his analysis by noting:

> Certain attorneys representing insureds/claimants who are citizens of Texas and who are dissatisfied with the non-citizen insurer's response to the

>insured's/claimant's policy demand have developed a practice of filing suit in state court against the non-citizen insurer and an insurance adjuster or agent who is a citizen of Texas with the goal of preventing the insurance company from exercising its right to have the case removed to and heard by a federal court. The instant action is one of those suits.

Ultimately, the *Davis* court denied remand as the "boilerplate" allegations against the non-diverse adjuster were found to be legally insufficient (and the court noted these same types of allegations "repeatedly have been used by counsel for plaintiff in the bringing of state court actions of this kind.").

16. Daly & Black has established a pattern of practice of not pleading specific facts against adjusters. Given the history and pattern of Daly & Black's pleadings, and the same "boilerplate" allegations here, there is no way to predict that this Plaintiff might be able to recover against any independent adjuster, much less Defendant Johnston.

17. Because Plaintiff is a citizen of Texas and Defendant Horace Mann is a citizen of Illinois, complete diversity of citizenship exists among the proper parties.

B. **The Amount in Controversy Exceeds $75,000.00**

18. This is a civil action in which the amount in controversy exceeds $75,000. Plaintiff's Petition expressly alleges that "Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000." *See* Exhibit D, ¶ 5. Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.

**Conclusion and Prayer**

All requirements are met for removal under 28 U.S.C. §§ 1332, 1441, and 1446. Accordingly, Horace Mann Lloyds hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.


By:  */s/ R. Tate Gorman*
     R. Tate Gorman
     State Bar No.  24032360

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  (214) 871-8248
Fax:  (214) 871-8209
E-Mail:  tgorman@thompsoncoe.com

*and*

Vasilia M Wilkes
State Bar No.  24051452
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8285
Fax:  (713) 403-8299
E-Mail:  vwilkes@thompsoncoe.com

**COUNSEL FOR DEFENDANT**
**HORACE MANN LLOYDS**

## **CERTIFICATE OF SERVICE**

      I certify that on this the 11th day of November, 2015, a copy of this document has been served on Plaintiff's counsel of record in accordance with the Texas Rules of Civil Procedure:

Ana E. Ene
aene@dalyblack.com
William X. King
wking@dalyblack.com
Richard D. Daly
rdaly@dalyblack.com
John Scott Black
jblack@dalyblack.com
DALY & BLACK. P.C.
2211 Norfolk Street
Suite 8900
Houston, Texas  77098
713.655.1405 – Telephone
713.655.1587 – Fax

                                              */s/ Vasilia M. Wilkes*
                                                Vasilia M. Wilkes