**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JAMES WALLACE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 4:15-cv-3324** |
| | § | |
| **HORACE MANN LLOYDS** | § | |
| **INSURANCE COMPANY AND** | § | |
| **JEFFREY JOHNSTON,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' MOTION  FOR PARTIAL DISMISSAL OF PLAINTIFF'S
COMPLAINT UNDER FRCP 12(b)(6) OR, IN THE ALTERNATIVE, MOTION FOR
<u>MORE DEFINITE STATEMENT UNDER FRCP 12(e)</u>**

Horace Mann Lloyds ("Horace Mann") and Jeffrey Johnston ("Johnston") (collectively hereinafter "Defendants" move for partial dismissal under 12(b)(6), as to Plaintiff's claims against them for alleged violations of Texas Insurance Code §§ 541.051, 541.060(1), and 541.061 and the alleged DTPA claims for alleged misrepresentation as follows:

**SUMMARY OF THE ARGUMENT**

1.     Plaintiff sued Defendants for Horace Mann's alleged failure pay an amount deemed sufficient by Plaintiff for alleged damages to Plaintiff's property due to hail or wind occurring on August 5, 2015.  (Doc. 1-4)  Plaintiff, in actuality, reported a wind damage claim, reportedly occurring on May 30, 2015, which was inspected by Horace Mann on July 30, 2015. (Doc. 11 and Exhibit 1 hereto)  Despite two separate inspections of Plaintiff's property for the two reported wind damage claims, including over 200 photos of the interior and exterior of the Property, Plaintiff has yet to identify what damages Horace Mann or Johnston reportedly failed or refused to inspect, consider or pay.  The vague generalities asserted in Plaintiff's lawsuit, compared with Defendants' verified amended answer submitted to the Court by a motion for

leave (Doc. 11) demonstrate that Plaintiff's misrepresentation-based claims against Defendants should be dismissed.

2.       Further, Plaintiff filed this lawsuit without providing Defendants with statutorily-required pre-suit notice of his alleged Insurance Code violations claims against Defendants. Plaintiff served a demand on Horace Mann, the day he filed suit, in which Plaintiff generically demanded $86,584.27 for reported "reasonable and necessary cost of repairs to Plaintiff's property plus attorneys' fees and costs.  *See* Exhibit 2 attached hereto and incorporated fully herein by reference. Defendants have repeatedly requested that Plaintiff provide documents substantiating the alleged $86,584.27 repair costs which Plaintiff, to date, has failed to provide. *See* Exhibit 3 attached hereto and fully incorporated herein by reference.

3.       Plaintiff's lawsuit pleads vague generalities and formulaic recitations of statutory language, wholly devoid of any factual assertions relating to any alleged misrepresentations or "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they were fraudulent."[1]   The allegations in Plaintiff's Complaint are precisely the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that "do not suffice" under the federal rules.[2] Further, Plaintiff's claims for statutory violations rest on conclusory allegations of misrepresentation or fraudulent conduct that come nowhere close to the particularity required for such claims under Rule 9(b).  *See, e.g., Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742-43 (S.D. Tex. 1998) (ordering plaintiff to amend); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 744, 744-45 (S.D. Tex. 1998) (dismissing still deficient pleading).  Beyond these

---

[1] *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Southland § Corp. v. INSpire Ins. Solutions, Inc.,* 365 F.3d 353, 362 (5th Cir. 2004).
[2] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Am. Surgical Assistants, Inc. v. United Healthcare of Tex., Inc.*, No. 4:09-CV-774, 2010 WL 1340557, at *3 (S.D. Tex. Mar. 30, 2010) (slip op.).

vague and general averments, Plaintiff *does not specifically describe a single misrepresentation of any kind* by Defendants much less one that could qualify as an actionable misrepresentation or fraud.  Accordingly, this Court should dismiss Plaintiff's alleged misrepresentation-based claims against Defendants.

4.      Defendants seek dismissal of the vague and unsubstantiated claims or, in the alternative, an Order requiring Plaintiff to replead such claims with factual specificity.

## FACTS

5.      On or about July 28, 2015, Plaintiff reported wind or hail damage to the subject property reportedly occurring on May 30, 2015.  Horace Mann assigned Claim No. 38863U to the claim and Don Coney inspected Plaintiff's Property on July 30, 2015.  *See* Exhibit 4 attached hereto.  Don Coney took 98 photos of the Property during his inspection, including the roof, exterior, interior, and attic, discussed his findings with Mrs. Wallace, and submitted a report to Horace Mann.  *Id.*  Coney reported hail splatter marks but not hail dents to shingles or roof vents.

6.      On August 14, 2015, Plaintiff reported wind or hail damage to Horace Mann which reportedly occurred on August 5, 2015.   *See* Exhibit 5 attached hereto.  Horace Mann assigned Claim No. 39939U which is the claim referenced in Plaintiff's lawsuit.  Independent Adjuster Johnston inspected the Property on August 19, 2015, and took another 125 photos, including the interior, exterior, roof, and fence which he included in a report to Horace Mann.  *Id.*  Johnston estimated the costs to replace roof vents and shingles on the roof's ridge, repair the back deck, a bench, and repair vinyl window trim.  *Id.*  The estimated damages of $1,357.38 fell below the Policy's deductible. Mann notified Plaintiff, in writing, of its findings on or about August 31, 2015, within two weeks of Plaintiff reporting Claim No. 39939U.  Notably, Johnston's photos do not show distinguishing or worsening damages than those taken a few

weeks earlier by Coney.  *See* Exhibits 4 and 5.  Defendants cannot determine what damages they reportedly misrepresented or failed to inspect in the over 200 photos, or how such damages exceed the Policy's $5,432.48 deductible to be applied separately to each reported claim.

## ARGUMENT

A.    **Plaintiff's alleged statutory misrepresentation claims should be dismissed under Fed. R. Civ. P. 9(b).**

7.    Plaintiff's claims against Defendants for alleged violations of the Deceptive Trade Practices Act and for alleged violations of Texas Insurance Code §§ 541.051, 541.060(1), and 541.061 are impermissibly vague and should be dismissed pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).

8.    Federal Rule of Civil Procedure 9(b) requires that "a party must state with particularity the circumstances constituting fraud."  As explained by the United States Court of Appeals for the Fifth Circuit, "Rule 9(b) applies by its plain language to all averments of fraud, whether they are part of a claim of fraud or not" and it therefore covers statutory claims resting on allegations of fraud.  *Lone Star Ladies Inv. Club v. Schlotzky's, Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) (explaining that when claims of fraud are dismissed as insufficiently pleaded, any statutory claims depending on the same facts must also be dismissed); *see also Melder v. Morris*, 27 F.3d 1097, 1100 n.6 (5th Cir. 1994) (same).  It is well-recognized in federal courts throughout Texas that "[c]laims alleging violations of the Texas Insurance Code and the [DTPA] . . . are subject to the requirements of Rule 9(b)."[3]  The requirements of Rule 9(b) reach "all cases where

---

[3] *Frith*, 9 F. Supp. 2d at 742; *see also Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (applying Rule 9(b) to both Texas Insurance Code and DTPA claims); *Patel v. Pac. Life Ins. Co.*, No. 3:08-CV-249, 2009 WL 1456526, at *18 (N.D. Tex. May 22, 2009) (applying Rule 9(b) to Texas Insurance Code claims); *Ramirez v. Am. Home Prods.*, No. C.A. B-03-155, 2005 WL 2277518, at *10 (S.D. Tex. Sept. 16, 2005) (unpublished) (applying Rule 9(b) to DTPA claims); *Ergonomic Lighting Sys., Inc. v. Commercial Petroleum Equip./USALCO*, No. SA-02-CA-31, 2003 WL 22436101, at *4-5 (W.D. Tex. Oct. 21, 2003) (unpublished)

---

the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud."[4]   To hold otherwise would permit plaintiffs to evade federal pleading requirements through mere artful pleading.   The substantive import of Rule 9(b) would be rendered a nullity if it applied based on the title the litigant chose for their cause of action.

9.     The standard under Rule 9(b) is a strict one.   "Pleading fraud with particularity in this circuit requires time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what that person obtained thereby."[5]   Those requirements (1) "ensure that the allegations are specific enough to inform a defendant of the act of which the plaintiff complains and to enable him to prepare an effective response and defense," (2) "eliminate[] those complaints filed as a pretext for discovery of unknown wrongs," and (3) "protect defendants from unfounded charges of wrongdoing which injure their reputations and goodwill."[6]

10.     Plaintiff's pleading falls short of this standard as it contains nothing beyond vague, generic allegations that Defendants made false statements.   (Doc. 1-4)  Plaintiff fails to allege what the statements were, what allegedly false information they contained, who exactly made them, when they were made, what conduct constituted the alleged "misrepresentation by

---

(applying Rule 9(b) to DTPA claims); *El Conejo Bus Lines, Inc. v. Metro. Life Ins. Co.*, No. Civ. A. 398CV-608-D, 1999 WL 354237, at *2 (N.D. Tex. May 27, 1999) (unpublished) (same). Where "[t]he factual background of . . . claims is substantively identical," causes of action arising under DTPA, the Texas Insurance Code, or common law fraud must all must pass scrutiny under Rule 9(b). *Berry*, 608 F. Supp. 2d at 789, 800.

[4] *Frith*, 9 F. Supp. 2d at 742.  Courts have occasionally declined to impose the more rigorous standards of Rule 9(b) where the claims arising under Texas statutes and fraud claims are not sufficiently "intertwined." *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 609 (N.D. Tex. 2006).  Such decisions have occasionally been misinterpreted to mean that Rule 9(b) does not apply to Texas statutory claims. *See e.g.*, *Sherwin Alumina, L.P. v. AluChem, Inc.*, No. C-06-183; 2007 WL 950393, at *3 (S.D. Tex. Mar. 26, 2007) (citing *Kennard*, 420 F. Supp. 2d at 609).  That view contradicts the weight of this Court's authority, along with Fifth Circuit authority explaining when Rule 9(b) applies to statutory claims.  Plaintiff's First Amended Complaint, at any rate, leaves no doubt that Plaintiff's claim for fraud and for misrepresentations under the Texas Insurance Code are inseparable. (*Compare* Amd. Compl. ¶ 41 (fraud), *with* ¶ 48 (violations of Texas Insurance Code)).

[5] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994) (quotations and alterations omitted)).

[6] *Frith*, 9 F. Supp. 2d at 742 (quoting *Mitchell Energy Corp. v. Martin*, 616 F. Supp. 924, 927 (S.D. Tex. 1985) (quotation marks omitted).

---

conduct," or how Plaintiff relied upon the false statements.[7]  *Id.*  It is not even possible to tell from Plaintiff's pleading whether the alleged misrepresentations *could* have been actionable misrepresentations in the first place.[8]  Essentially, Plaintiff failed to comply with the standard, which requires the complaint to allege answers to "newspaper questions" ("who, what, when, where, and how") of the alleged misrepresentation.[9]

11.     Without the protection Rule 9(b) affords, Defendants cannot tell what misrepresentation(s) Plaintiff alleges were made by which Defendant, other than the non-actionable generic allegation that Plaintiff wants over $100,000, much less determine whether those allegations are founded and to develop a defense.  In the "factual background" section of the lawsuit, Plaintiff does not allege that either Defendant misrepresented anything to Plaintiff. (Doc. 1-4 at ¶¶ 8-13)  Plaintiff's alleged DTPA and Insurance Code misrepresentation claims are asserted generically against "Defendants" and fail to contain any facts other than the regurgitation of the various statutes.  *Id.* ¶¶ 18-24.  Plaintiff's misrepresentation claims should be dismissed.

**B.     Plaintiff's alleged statutory misrepresentation claims should be dismissed under Fed. R. Civ. P. 12(b)(6).**

12.     Next, Plaintiff's claims against Defendants for alleged violations of the Deceptive Trade Practices Act and for alleged violations of Texas Insurance Code §§ 541.051, 541.060(1), and 541.061 fail to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[7] *See, In re Washington Mutual, Inc.,* No. 2:08-md-01919-MJP, 2010 WL 1734848, at *6 (W. D. Wash. April 28, 2010) (holding that plaintiff "must allege actions, as distinguished from unspoken and unrecorded thoughts and decisions, that would indicate that the plaintiff actually relied on the misrepresentations…" because "…generic allegations of reliance do not satisfy the particularity standards of Rule 9(b).")

[8] *See Druker v. Fortis Health,* No. 5:06-CV-52, 2007 WL 38322, at *4 (S.D. Tex. Jan. 4, 2007) (unpublished) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999)).

[9] *Melder v. Morris,* 27 F.3d 1097, 1100 n.5 (5th Cir.1994*); Berry v. Indianapolis Life Ins. Co.,* 608 F. Supp. 2d 785, 796 (N.D. Tex. 2009).

13.     To prevail on an alleged misrepresentation claim under the Insurance Code and DTPA, Plaintiff must identify a *specific misrepresentation upon which it relied* and that such misrepresentation was the producing cause of injury to Plaintiff independent of the claims for failure to pay policy proceeds.  *Howard v. Burlington Ins. Co.,* 347 S.W.3d 783, 798 (Tex.App.—Dallas 2011, no pet.); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692-93 (Tex.App.—San Antonio 1998, no pet.)  General claims by an insured about adequate coverage are not generally actionable.  *State Farm County Mut. Ins. Co. of Texas v. Moran*, 809 S.W.2d 613, 621 (Tex.App.—Corpus Christi 1991, writ denied).  Plaintiff merely alleges that Defendants made unspecified misrepresentations as to Policy language but does not allege what was allegedly said or that such unspecified misrepresentations caused Plaintiff any damages.  (Doc. 1-4, ¶¶ 18-22)  Plaintiff has not alleged nor shown any specific statements which were false, on which he relied, and which caused him damages other than Horace Mann's alleged refusal to pay the claim.

14.     To succeed on a claim for alleged § 541 and DTPA violations, an insured must show that it has suffered damages above and beyond the failure to receive policy proceeds.  In Texas, "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits."[10]  Texas law is clear that extra-contractual damages are not to be awarded on nothing more than an alleged contractual breach.  *Minnesota*

---

[10] *See, e.g., Parkans Int'l v. L.L.C.. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002); *Provident American Ins. Co. v. Casteneda*, 988 S.W.2d 189 (Tex. 1999); *DaimlerChrysler Ins. Co. v. Apple*, 265 S.W.3d 52, 70 (Tex. App. – Houston [1st Dist.] 2008), *aff'd in part and rev'd on other grounds*, 297 S.W.3d 248 (2009).  Plaintiff must demonstrate both extreme conduct and damages that are independent of the benefits of the insurance policy. *Castaneda*, 988 S.W.2d 189, 198–99 (Tex. 1998); *Lexington Ins. Co. v. JAW The Pointe, LLC*, 2013 WL 3968445 (Tex.App.--Houston [14th Dist.] 2013, pet. filed) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex 2002)).

*Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 780 (Tex. 2006).  In *Vasquez,* the Court noted that there was no evidence that the insurer was aware that its actions were causing damage to the plaintiff.  *Id.* Payments cannot be based on negligence or hindsight; there must be evidence that the insurer was actually aware it was mishandling the claim.  *Id.*  Further, we note that the Texas Supreme Court recently seemed to reiterate the independent injury rule which states:

> …'[w]e have left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim…".

*Jaw the Pointe*, __ S.W.3d __, 2015 WL 1870054 at *3.  Plaintiff does not allege such independent injury in his lawsuit and has therefore failed to state a claim.

15.     Plaintiff's lawsuit simply alleges a generic, unspecified misrepresentation made by "Defendants."  (Doc. 1-4)  It does not allege that such conduct caused Plaintiff any independent injury, that such conduct was extreme, or that Plaintiff was in fact damaged by such alleged misrepresentation.  *Id.*  Both the Insurance Code and the DTPA require proof that Defendants' conduct was the producing cause of actual damages independent of Plaintiff's alleged contractual claim.  *Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999).  Plaintiff's lawsuit fails to state an actionable claim for misrepresentation and those claims should be dismissed.  *Walker v. Nationwide Property & Cas. Ins. Co.*, 992 F.Supp.2d 703, 709 (W.D. Tex. 2014).

16.     Further, over a decade ago, the Fifth Circuit held that an alleged tort duty arising from a contractual duty must arise independent of the contract.[11] The Texas Supreme Court later confirmed that an actionable Insurance Code violation requires an act constituting something more than a contractual breach.[12]  Plaintiff's claim for damages, in this lawsuit, are solely due to Horace Mann's alleged failure to pay Plaintiff for Plaintiff's unsubstantiated $86,584.27 demand.

---

[11] *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456 (5th Cir. 1997).
[12] *Minnesota Life Ins. Co. v. Vasquez*, 192 S.W.3d 774, 780 (Tex. 2006).

(Doc. 1-4 and Exhibit 3)  Merely alleging that Plaintiff later obtained a higher estimate, if in fact he has as Plaintiff refuses to provide it to Defendant, does not support an actionable misrepresentation claim against Horace Mann or Johnston. *Bias v. Standard Guaranty Ins. Co.*, 385 Fed.Appx. 398, 2010 WL 2802449 (5th Cir. 2010) (not designated for publication) (affirming summary judgment dismissal where the insureds' only evidence was an estimate obtained by plaintiff's counsel and an affidavit by one of the plaintiffs).  Significantly, both the trial court (Judge Hughes) and the Fifth Circuit noted ***"causation should come first and the cost second, not the other way around."*** *Id.*  Simply not liking the adjuster's estimate is not evidence of wrongdoing by the adjuster yet that is precisely Plaintiff's complaint for damages.

17.     As Plaintiff failed to state an actionable claim against Defendants for statutory misrepresentation, Plaintiff's claims should be dismissed.

**C.     Alternatively, Plaintiff should be replead to assert a more definite statement of the alleged claims.**

18.     In *Hart v. Nationwide Property & Cas. Ins. Co*., 2011 WL 2210034 (S.D. Tex. 2011) (Harmon, J.) (not designated for publication), the Court permitted the plaintiff to replead the same causes of action at issue in this case stemming from alleged underpayment of plaintiff's Hurricane Ike claim.  Like Plaintiff, the *Hart* plaintiff alleged that the insurer committed fraud and statutory violations by misrepresenting that damages were not covered, stating that the damages were less severe than they were, and used their statements to deny or under pay the claim.  *Id*. at *4.  The Court concluded:

> Not only are the complaint's averments vague and general, but Plaintiff also fails to identify a single specific representation by Nationwide or its representatives, no less an actionable one, she does not specify the speaker or the person who performed allegedly deceptive conduct…explain how Plaintiff relied on such…[W]ith respect to the alleged unfair settlement practices, Plaintiff fails to allege any facts to support conclusory allegations that Nationwide failed to fully compensate her, facts detailing what Nationwide did during the investigation process that made it 'out-come oriented,' what

> Nationwide ought to have done to conduct a reasonable investigation…The averments about Nationwide's 'misrepresentations' for purposes of her claims of fraud or claims of violations of the Texas Insurance Code are vague and conclusory…Plaintiff has failed to state a plausible claim for all of her extra-contractual claims.

*Id.*  Plaintiff's pleading fails to assert the required elements for the alleged claims and fails to assert any actionable facts supporting such claims.  Further, the pleading is so vague that Defendants cannot reasonably prepare a response without guessing what it is that Plaintiff claims.  Dismissal is warranted.  At a minimum, however, Plaintiff should also have to identify the factual bases for his claims, including specifying what damages Horace Mann and Johnston purportedly failed or refused to inspect and plead with particularity what misrepresentations were allegedly made, by whom, and how Plaintiff was damaged by same other than the generic failure to pay the claim assertions.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's claims against them for alleged statutory misrepresentations because Plaintiff's pleading fails to state a claim against Defendant pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

*/s/ Christene Wood*
R. Tate Gorman, **attorney-in-charge**
State Bar No.  24032360
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, TX 75201-2832
Telephone:  (214) 871-8248
Fax:  (214) 871-8209
E-Mail:  tgorman@thompsoncoe.com

And:

Vasilia M Wilkes
State Bar No.  24051452
D. Christene Wood
Southern District Bar No. 38044
State Bar No.  24042188
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8285
Fax:  (713) 403-8299
E-Mail:  vwilkes@thompsoncoe.com
cwood@thompsoncoe.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2016, Defendants' motion to dismiss was served on Plaintiff's counsel via the Court's ECF notification system upon the following counsel of record:

Ana E. Ene
Sheldon Wayne
DALY & BLACK. P.C.
2211 Norfolk Street, Suite 8900
Houston, Texas  77098


/s/ D. Christene Wood
D. Christene Wood

**VERIFICATION**

STATE OF TEXAS                              §
                                           §
COUNTY OF HARRIS                           §

     BEFORE ME, the undersigned notary public, on this day personally appeared Christene Wood, being by me duly sworn on her oath deposed and said that she has read the above and foregoing pleading and the statements contained therein are, to the best of her knowledge, information and belief, true and correct.  Attached hereto are true and correct copies of claim documents provided to the undersigned counsel by Defendant as well as a demand letter served on Defendant and correspondence between counsel requesting information.

_____
Christene Wood

     SUBSCRIBED AND SWORN TO BEFORE ME by Christene Wood on this the 17th day of February 2016, to certify which witness my hand and official seal.

SANDRA M HERNANDEZ
My Commission Expires
July 31, 2017
NOTARY PUBLIC STATE OF TEXAS

_____
Notary Public, State of Texas

Sandra M. Hernandez_____

My Commission Expires:                     Typed or Printed Name of Notary:

---

DEFENDANT'S MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S                     PAGE 12
FIRST AMENDED COMPLAINT UNDER FRCP 9(b) AND 12(b)(6)

2368687v1
04159.050