IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WALLACE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:15-cv-03324 |
| | § | |
| HORACE MANN LLOYDS | § | |
| INSURANCE COMPANY AND | § | |
| JEFFREY JOHNSTON, | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE VANESSA D. GILMORE:

Plaintiff James Wallace ("Wallace") hereby files his motion to remand, respectfully asking the Court to remand the case to state court for lack of subject matter jurisdiction. In support of his motion, and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. § 1447(c), Wallace would respectfully show the Court the following:

### NATURE AND STAGE OF THE PROCEEDING

Wallace, a Texas resident, is a named insured under a property insurance policy issued by Horace Mann Lloyds Insurance Company ("Horace Mann") (the "Policy"). (Dkt. # 1-4, ¶ 8) Horace Mann is a citizen of Illinois for diversity purposes. (Dkt. # 1, ¶ 8) On or about August 5, 2015, a storm hit the Missouri City, Texas, area, damaging Wallace's home and other property. (Dkt. # 1-4, ¶ 9) Wallace subsequently filed a claim under the Policy. (Dkt. # 1-4, ¶ 9)

Horace Mann assigned Defendant Jeffrey Johnston ("Johnston") – a Texas resident – to adjust the claim. (Dkt. # 1-4, ¶ 11) Johnston conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages he noted during the

1

inspection, and undervalued the damages he observed during the inspection. (Dkt. # 1-4, ¶ 11) Johnston's substandard, outcome-oriented investigation led to Horace Mann's denial and/or underpayment of Wallace's claim. (Dkt. # 1-4, ¶¶ 12-13)

As a result, on October 6, 2015, Wallace filed suit against Horace Mann and Johnston in the 434th District Court of Fort Bend County, Texas, asserting various causes of action arising out of Horace Mann's and Johnston's failure to adequately investigate and properly settle Wallace's claim for damages covered by the Policy. (Dkt. # 1-4, ¶¶ 15-24) On November 11, 2015, Horace Mann removed the case to this Court, arguing that Johnston was improperly joined and, therefore, that his Texas citizenship cannot be considered for purposes of diversity jurisdiction. (Dkt. # 1, ¶¶ 10-17)

Wallace now moves to remand for lack of subject matter jurisdiction.

## ISSUE

The issue before the Court is whether Johnston was properly joined as a Defendant in Wallace's suit. If the Court finds that he was, it lacks subject matter jurisdiction and must remand to state court.

## STANDARD OF REVIEW

A case is removable to federal court when federal subject-matter jurisdiction exists and the defendant has followed the proper removal procedure. *See* 28 U.S.C. § 1441. The removing party bears the significant burden of establishing the existence of subject-matter jurisdiction. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute is "subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). Thus, removal statutes are to be strictly

construed against removal and all doubts should be resolved in favor of remand. *See Manguno*, 276 F.3d at 723.

A federal court has subject-matter jurisdiction based on diversity of citizenship "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity must be "complete," meaning that removal is appropriate only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b). Where, as here, one of the defendants is a Texas resident, remand is required unless the resident defendant's citizenship can be disregarded. *See Presley v. America First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *1 (S.D. Tex. Feb. 7, 2011).

The improper joinder doctrine is a narrow exception to the rule of complete diversity that may serve as a basis for disregarding a defendant's citizenship. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly joined: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied,* 544 U.S. 992 (2005) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

Horace Mann does not allege fraud; its removal argument is limited to Wallace's ability to establish a cause of action against Johnston. (Dkt. # 1, ¶¶ 10-17) Therefore, to prevail on its improper joinder argument, Horace Mann must demonstrate that "there is *no possibility* of recovery" by Horace Mann against Johnston which, stated differently, means that there is "*no*

*reasonable basis* for the district court to predict" that Wallace might be able to recover against Johnston. *Kling*, 575 F.3d at 513 (emphasis added) (quoting *Smallwood*, 385 F.3d at 573).

Importantly, the court need not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a *possibility* that the plaintiff might do so. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995. "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not on the merits of Plaintiffs' case." *Smallwood*, 385 F.3d at 573.

Horace Mann misstates the law when it says that in undertaking this analysis, "the Court must pierce the pleadings." (Dkt. # 1, ¶ 11) This is incorrect. "Normally, a district court should confine its improper joinder analysis to the pleadings." *Rodriguez v. State Farm Lloyds*, No. 3:13-cv-3505, 2014 WL 3406961, at *2 (N.D. Tex. July 14, 2014). It is only "'in rare cases, 'in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . [that] the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Smallwood*, 385 F.3d at 573). Moreover, in order for the court to "pierce the pleadings" and conduct a summary judgment-type inquiry, the removing defendant must present summary judgment-type evidence. *See Travis*, 326 F.2d at 648-49. Horace Mann has presented no such evidence, nor has it argued that the plaintiff has misstated or omitted facts bearing on joinder. "Piercing the pleadings" is neither appropriate nor possible.

In this case, because Horace Mann has not identified any omitted facts, the appropriate inquiry is "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573; *see Travis*, 326 F.2d at 648-49; *Rodriguez*, 2014 WL 3406961, at *2.

If the complaint survives the Rule 12(b)(6)-type analysis, there is generally no improper joinder. *See Smallwood*, 385 F.3d at 573. However, courts in this District have held that when state law provides a more lenient pleading standard, it is the state law pleading standard – not Rule 12(b)(6) – that applies. *See, e.g.*, *Edwea, Inc. v. Allstate Ins. Co.*, Civ. A. No. H-10-2970, 2010 WL 5099607, at *6 (S.D. Tex. Dec. 8, 2010); *Presley*, 2011 WL 486231, at *2. Thus, Texas's fair notice pleading standard applies. *See* TEX. R. CIV. P. 47; *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 230 (Tex. 2004).

The party asserting improper joinder bears a heavy burden of persuasion. *See Kling*, 575 F.3d at 514; *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). The court must consider the allegations in the petition in the light most favorable to the plaintiff and resolve all contested fact issues in the plaintiff's favor. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "If the pleading reveals a reasonable basis of recovery on one cause of action, the court must remand the entire suit to state court." *Edwea*, 2010 WL 5099607, at *2.

## ARGUMENT

### *Wallace's Allegations Against Johnston*

Johnston is the adjuster to whom Wallace's claim was assigned.  (Dkt. # 1-4, ¶ 11) He investigated the claim and determined the amount of damages Wallace was to receive. (Dkt. # 1-4, ¶¶ 11-13)

Wallace's petition[1] alleges, in pertinent part, that Johnston violated Chapter 541 of the Texas Insurance Code ("Chapter 541") and the Texas Deceptive Trade Practices Act ("DTPA"). (Dkt. # 1-4, ¶¶ 18-24) Specifically, Wallace's petition states as follows:

---

[1] For the Court's convenience, a copy of the original petition is attached as Exhibit A.

C.    **Bad Faith/DTPA (Horace Mann and Johnston)**

18.    Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.    Defendants violated § 541.051 of the Texas Insurance Code by:

    (1)    making statements misrepresenting the terms and/or benefits of the policy.

20.    Defendants violated § 541.060 by:

    (1)    misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

    (2)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)    failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)    failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

    (5)    refusing to pay the claim without conducting a reasonable investigation with respect to the claim; [sic]

21.    Defendants violated § 541.061 by:

    (1)    making an untrue statement of material fact;

    (2)    failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)    making a material misstatement of law; and

(5)  failing to disclose a matter required by law to be disclosed.

22.  At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.  Defendants have violated the Texas Deceptive Trade Practices Act in the following respect s:

(1)  Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)  Horace Mann failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)  Horace Mann, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Horace Mann took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.  Defendants knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

(Dkt. # 1-4, ¶¶ 18-24) Additionally, the petition makes the following factual allegations regarding

Johnston:

8.  Mr. Wallace  is a named insured under a property insurance policy issued by Horace Mann.

9.  On or about August 5, 2015 a storm hit the Missouri City, Texas area, damaging Mr. Wallace's house and other property. Mr. Wallace subsequently filed a claim on her insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     Johnston was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     Johnston's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, Horace Mann and Johnston performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

(Dkt. # 1-6, ¶¶ 8-13)

### Wallace Alleges Sufficient Facts Against Johnston

In what seems to be a stock argument by defendants seeking to remove first-party insurance cases, Horace Mann inaccurately alleges that Wallace has failed to set for any "real facts" relating to Johnston. (Dkt. # 1, ¶ 12) Horace Mann further contends that Wallace's clams against Johnston are "generic" and "boilerplate". (Dkt. # 1, ¶¶ 12, 16) It goes on to cite one first party insurance case from the Southern District in which the undersigned represented the plaintiff where the court denied a motion to remand and two cases from the Northern District wherein Judge McBryde denied remand and alluded that the joinder of the adjuster defendant was attempt to defeat federal jurisdiction. (Dkt. # 1, ¶¶ 12-15)

Horace Mann's allegation that Daly & Black, P.C., has a "history" of joining adjusters "in an effort to defeat federal diversity" (Dkt. # 1, ¶¶ 13, 16) is a red herring. Improper joinder does not look to a plaintiff's motive or purpose in asserting a claim against the non-diverse defendant; it is immaterial and irrelevant to the analysis. *See Smallwood*, 385 F.3d 568 at 574; *Parks v. New York Times*, 308 F.2d 474, 477, 478 (5th Cir. 1962) (citations omitted). In fact, the Fifth Circuit has

recognized that the fact that defeat of removal might have been a motive in joining a resident defendant *is not important* if in good faith he is sought to be held liable. *See Parks*, 308 F.2d at 477. In other words, a plaintiff has the right to sue a non-diverse defendant as a means of forum selection unless the defendant can demonstrate that there is "no possibility of recovery" or "no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant.

Analysis of Wallace's petition under the Texas pleading standard against the backdrop of a plethora of authority from this district and others demonstrates that Wallace has stated more than one actionable factual allegation of Johnston's wrongful conduct, as well as made legal allegations against both Horace Mann and Johnston. (Dkt. # 1-4, ¶¶ 8-24)

Courts in this district have repeatedly held that factual allegations against the adjuster and conclusory legal allegations against all defendants similar to those in Wallace's petition provide a reasonable basis for predicting recovery against the adjuster under the Insurance Code. *See, e.g.*, *Presley v. America First Ins. Co.*, No. H-10-4429, 2011 WL 486231, *3 & n.2 (S.D. Tex. Feb. 7, 2011) (Rosenthal, J.) (citing *Rodriguez v. Standard Guar. Ins. Co.*, No. H-10-3065, 2010 WL 4877774, at *2 (S.D. Tex. Nov. 23, 2010) (Lake, J.); *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *3 (S.D. Tex. Apr. 30, 2010) (Lake, J.); *Leisure Life Senior Apartment Housing II, Ltd.*, No. H-09-3067, 2009 WL 3834407, at *2 (S.D. Tex. Nov. 12, 1999) (Atlas, J.); *Davis v. Travelers Lloyds of Texas Ins. Co.*, No. H-09-2260, 2009 WL 3255093, at *7 (S.D. Tex. Sept. 29, 2009) (Hoyt, J.)); *Fleeman v. Safeco Ins. Co. of Indiana*, No. H-10-1125, 2010 WL 3025503, at *3 (S.D. Tex. July 29, 2010) (Miller, J.); *Campos v. American Bankers Ins. Co. of Fl.*, No. H-10-0594, 2010 WL 2640139, at *6 (S.D. Tex. June 30, 2010) (Rosenthal, J.) (citing same

cases); *McGilbert v. Safeco Ins. Co. of Indiana*, No. H-10-514, 2010 WL 1633353, at *3-4 (S.D. Tex. Apr. 22, 2010) (Miller, J.).

All four cases cited in *Presley* and *Campos* were Hurricane Ike claims brought against an insurance company and a Texas-resident adjuster. *See Campos*, 2010 WL 2640139, at *6. "In each case, the defendant failed to present evidence showing that the plaintiff had no reasonable possibility of recovering against the instate defendant, and in each case, the court remanded the action to state court." *Id.*

The court's opinion in *Campos* is particularly instructive. In that case, the court said:

> Campos's petition alleges that his property was damaged, that Castilleja was tasked with handling the insurance claim, and that Castilleja failed to fulfill this task in the manner required by the Texas Insurance Code. Campos alleges that Castilleja mishandled the claim in several specific ways, including: misrepresenting the policy coverage, failing to attempt a fair settlement, failing to act within a reasonable time to affirm or deny coverage or to reserve rights, failing to conduct a reasonable investigation, and failing to explain American Bankers Insurance's reasons for denying payment. Campos asserts claims against Castilleja individually, in claims separate from those brought against American Bankers Insurance. Campos's allegations, if proven true, would create a reasonable possibility that Campos could prevail in his claims against Castilleja. American Bankers Insurance has presented no evidence disproving these allegations. **The fact that the pleadings do little more than recite the elements of the statutory claims might be viewed as pleading insufficiency in federal court and might be the basis for an order granting leave to amend. But this court cannot conclude that there is no reasonable basis to predict that Campos might recover against Castilleja in state court.**

*Id.* at *5 (emphasis added).

*McGilbert* is also instructive. In that case, Judge Gray Miller granted a motion to remand under similar facts. Like Horace Mann in this case, Safeco argued in *McGilbert* that the plaintiff's petition merely recited statutory language and failed to attribute specific actions to the defendant adjuster. *See McGilbert*, 2010 WL 1633353, at *3. The court found that the allegations against the adjuster – which were substantially similar to those in Wallace's petition – were sufficient to

establish a reasonable possibility of recovery against the adjuster. *See id.* at *3-4. The court said that McGilbert's complaint amounted to more than a mere recitation of the Texas Insurance Code, noting that McGilbert stated that the defendant adjusters "inspected her property and issued a damage estimate." *Id.* at *4. Wallace's petition makes virtually identical allegations against Johnston: "Johnston was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." (Dkt. # 1-4, ¶ 11) Judge Miller also observed that McGilbert's complaint differentiated the acts of the adjusters and the insurance company. *See id.* at *4. So does Wallace's pleading. (Dkt. # 1-4, ¶¶ 8-24)

Judge Miller made a similar observation regarding a plaintiff's allegations against the adjuster in *Fleeman*, noting that the Fleemans alleged that the adjuster inspected their property and created an estimate that failed to include all of the damage, undervalued some of the damage, and took excessive depreciation on parts of the damaged property. *See Fleeman*, 2010 WL 3025503, at *4; *see also Riverview Mgmt. v. International Ins. Co. of Hannover, Ltd.*, No. H-13-1099, 2013 WL 4401431, at *4 (S.D. Tex. Aug. 13, 2013) (Miller, J.) (finding allegation that the defendant adjuster failed to respond timely to plaintiff's requests for information sufficient to defeat improper joinder argument). With the exception of the specific reference to excessive depreciation, Wallace's petition makes the same allegations against Johnston. (Dkt. # 1-4, ¶¶ 11-13)

In *Hernandez v. Stillwater Ins. Co.*, No. 3:14-cv-1560, 2014 WL 3700577, at *3 (N.D. Tex. July 25, 2014), Judge A. Joe Fish of the Northern District remanded a case involving allegations similar to those here and rejected the very same argument Defendants make here. Judge Fish observed that while the plaintiff's allegations were a "near-verbatim recitation of Chapter 541,

such a recitation does not preclude the possibility of recovering" against the adjuster so long as the plaintiff had also alleged sufficient facts describing actionable conduct by the adjuster. *Id*. Judge Fish found that the plaintiff's allegations, including misrepresenting the cause, scope, cost to repair damages, and coverage under the policy, were sufficient to specify actionable conduct by the adjuster. *See id.* at *4. The factual allegations in *Hernandez* were substantially similar to those in Wallace's petition. Judge Fish also rejected improper joinder arguments in *Rodriguez*, 2014 WL 3406961, at *4-5, and *Charla Aldous, P.C. v. Black*, No. 3:12-cv-5028, 2013 WL 3154121, at *4-6 (N.D. Tex. June 20, 2013), finding that the plaintiffs sufficiently stated a cause of action against the adjuster and agent defendants, respectively, and remanding both cases.

The bulk of authority in this district and other Texas district courts demonstrates that the fact that Wallace's allegations track Chapter 541 is not fatal to his claim.

In addition to those discussed above, *numerous* other first party insurance cases in the Southern District have been remanded based on the courts' findings that the in-state defendant was not improperly joined. *See, e.g.*, *Geer v. Allstate Fire & Cas. Ins. Co.*, No. 2:15-cv-95, 2015 WL 4569520, at *1 (S.D. Tex. July 28, 2015) (Tagle, S.J.); *Garza v. Scottsdale Ins. Co.*, No. 2:15-cv-149, 2015 WL 3756917, at *5 (S.D. Tex. June 16, 2015) (Ramos, J.); *Mother Zion Baptist Church v. State Farm Lloyds*, No. H-14-54, 2014 WL 1401859, at *2 (S.D. Tex. Apr. 9, 2014) (Werlein, J.); *De Leon v. Travelers Lloyds of Tex. Ins. Co.*, No. 7:13-cv-468, at *1 (S.D. Tex. Oct. 23, 2013) (Alvarez, J.); *Ross v. Nationwide Prop. & Cas. Ins. Co.*, No. H-12-3496, at *4 (S.D. Tex. Mar. 26, 2013) (Lake, J.); *Benton v. Lexington Ins. Co.*, No. 4:12-cv-01546, at *6 (S.D. Tex. Aug. 31, 2012) (Hoyt, J.); *Centaurus Inglewood, LP v. Lexington Ins. Co.*, 771 F. Supp. 2d 667, 672 (S.D. Tex. 2011) (Atlas, J.); *D'Souza v. Peerless Indem. Ins. Co.*, No. H-10-4431, 2011 WL 285154, at *3 (S.D. Tex. Jan. 25, 2011) (Rosenthal, J.); *Zamir Investment, Inc. v. American Economy Ins. Co.*,

No. 10-cv-0975, 2010 WL 4065469, at *4 (S.D. Tex. Oct. 15, 2010) (Ellison, J.); *Ford v. Property & Cas. Ins. Co. of Hartford*, No. H-09-1731, 2009 WL 485222, at *6-7 (S.D. Tex. Dec. 9, 2009) (Miller, J.).

And, while Horace Mann points the Court to a single case where a court denied remand based on a Daly & Black, P.C., pleading similar to the one in this case, other courts have reached the opposite result. In August 2015, Judge Fish remanded a first-party insurance case involving a hail claim in which the undersigned represented the plaintiff. *See Glidewell v. Safeco Ins. Co. of Ind.*, No. 3:15-CV-1099-G, 2015 WL 4868483 (N.D. Tex. Aug. 13, 2015). In that case, the removing defendants alleged that the in-state adjuster was improperly joined. *See id.* at *1. After examining the petition – *which was essentially identical to the petition in this case* – and correctly applying Texas's fair notice pleading standard, Judge Fish found that the allegations therein were sufficient to plead a cause of action against the adjuster and also that the factual allegations were sufficient to satisfy the applicable pleading standards. *See id.* at *3-5.

In May, Judge Mary Lou Robinson, also of the Northern District, remanded a first-party insurance case involving a hail claim in which the undersigned represented the plaintiff. *See New Life Assembly of God v. Church Mut. Ins. Co.*, No. 2:15-cv-00051, 2015 WL 2234890 (N.D. Tex. May 12, 2015). In that case, the removing defendants made an improper joinder argument almost identical to the one here. *See id.* at *1. After examining the petition (Exh. B) – *which was essentially identical to the petition in this case* – and correctly applying Texas's fair notice pleading standard, Judge Robinson found that the allegations therein were sufficient to plead a cause of action against the adjuster and also that the factual allegations were sufficient to satisfy the applicable pleading standards. *See id.* at *3-5. Last year, Judge Robinson reached the same conclusion in *Wilson v. Safeco Ins. Co.*, Case No. 2:13-cv-00235 (N.D. Tex. Jan. 6, 2014), another

first-party hail case in which the undersigned represented the plaintiff.[2] A sister court in the Southern District of Texas remanded a similar case where the undersigned represented the plaintiff. *See Almeida v. Balboa Ins. Co.*, Case No. 7:12-cv-00533 (S.D. Tex. Mar 8, 2013).[3]

Under Texas's liberal pleading standards, and applying clear precedent, Plaintiff's Original Petition unquestionably establishes a reasonable basis for this Court to predict that Wallace might be able to recover against Johnston.

***Conclusion***

Remand is appropriate because the parties are not completely diverse. Johnston is domiciled in Texas and adjusts insurance claims in Texas, and Wallace has pled valid causes of actions against him under Texas law. Because Johnston was not improperly joined for the purpose of defeating diversity jurisdiction, the Court cannot ignore his Texas domicile for diversity purposes and remand is required.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Wallace respectfully prays that the Court grant his motion to remand; remand this cause to the 434th District Court of Fort Bend County, Texas; and grant any other and further relief, at law or in equity, to which Wallace may be justly entitled.

---

[2] A copy of Judge Robinson's order in *Wilson* is attached as Exhibit B.
[3] A copy of Judge Alvarez's order in *Almeida* is attached as Exhibit C.

Respectfully submitted,

By:   /s/ *Richard D. Daly*
Richard D. Daly (Attorney-in-Charge)
State Bar No. 00796429
Fed. Adm. No. 20706
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, TX 77098
Tel: (713) 655-1405
Fax: (713) 655-1587
Email for Filing:  ecfs@dalyblack.com

**ATTORNEYS FOR PLAINTIFF
JAMES WALLACE**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 18, 2016, a true and correct copy of the foregoing was served on all counsel of record by the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Richard D. Daly*
Richard D. Daly

Filed
10/6/2015 11:23:35 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Lisa Carbone

CAUSE NO. **15-DCV-226924**

| | | |
|---|---|---|
| JAMES WALLACE | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| HORACE MANN LLOYDS | § | Fort Bend County - 434th Judicial District Court |
| INSURANCE COMPANY AND | § | |
| JEFFREY JOHNSTON | § | _____ JUDICIAL DISTRICT |
| | § | |
| Defendants | | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

James Wallace ("Mr. Wallace"), Plaintiff herein, files this Original Petition against Defendants Horace Mann Lloyds ("Horace Mann") and Jeffrey Johnston ("Johnston") and, in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.  James Wallace is a Texas resident who resides in Fort Bend County, Texas.

2.  Horace Mann is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process in the State of Texas, Corporation Service Company, via certified mail at 211 East 7th Street, Suite 620, Austin, TX 78701.

3.  Jeffrey Johnston is a Texas resident who participated in adjusting Mr. Wallace's insurance claim, and he may be served via certified mail at RR 4, Box 185X30A, Galveston, TX 77554-9634.

EXHIBIT

A

## II.
## DISCOVERY

4.     This case is intended to be governed by Discovery Level 2.

## III.
## CLAIM FOR RELIEF

5.     The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $100,000 but not more than $200,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. However, to the extent that Defendants refuse to cooperate in discovery, make frivolous and unwarranted objections, file needless motions, quash depositions and discovery requests without a reasonable basis, assert unjustified or false affirmative defenses, make unwarranted special exceptions, hire individuals they claim to be "experts" who give false opinions or testimony, produce witnesses who commit perjury, conduct excessive discovery, or otherwise needlessly delay litigation, the costs, expenses, interest, and attorney's fees will likely be over $200,000 but not more than $1,000,000.

## IV.
## JURISDICTION AND VENUE

6.     This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.     Venue is proper in Fort Bend County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Fort Bend County. In particular, the loss at issue occurred in Fort Bend County.

2

## V.
## FACTUAL BACKGROUND

8.      Mr. Wallace is a named insured under a property insurance policy issued by Horace Mann.

9.      On or about August 5, 2015 a storm hit the Missouri City, Texas area, damaging Mr. Wallace's house and other property.   Mr. Wallace subsequently filed a claim on his insurance policy.

10.     Defendants improperly denied and/or underpaid the claim.

11.     Johnston was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection.

12.     Johnston's unreasonable investigation led to the underpayment of Plaintiff's claim.

13.     Moreover, Horace Mann and Johnston performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract (Horace Mann Only)**

15.     Horace Mann had a contract of insurance with Plaintiff.  Horace Mann breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

3

**B.      Prompt Payment of Claims Statute (Horace Mann Only)**

16.      The failure of Horace Mann to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

17.      Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C.      Bad Faith/DTPA (Horace Mann and Johnston)**

18.      Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.      Defendants violated § 541.051 of the Texas Insurance Code by:

        (1)      making statements misrepresenting the terms and/or benefits of the policy.

20.      Defendants violated § 541.060 by:

        (1)      misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

        (2)      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

        (3)      failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

        (4)      failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

        (5)      refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

4

21.     Defendants violated § 541.061 by:

(1)     making an untrue statement of material fact;

(2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)     making a material misstatement of law; and

(5)     failing to disclose a matter required by law to be disclosed.

22.     At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendants.

23.     Defendants have violated the Texas Deceptive Trade Practices Act in the following respects:

(1)     Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)     Horace Mann failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)     Horace Mann, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Horace Mann took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that

5

also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

24.     Defendants knowingly committed the acts complained of.  As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.     Attorneys' Fees**

25.     Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

26.     Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because he is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

27.     Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

28.     All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendants.

## VIII.
## DISCOVERY REQUESTS

29.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

30.     You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, James Wallace prays that, upon final hearing of the case, he recover all damages from and against Defendants that may reasonably be established by a preponderance of the evidence, and that Mr. Wallace be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Mr. Wallace may show himself to be justly entitled.

Respectfully submitted,

DALY & BLACK, P.C.

By:     /s/ Ana M. Ene
      Ana M. Ene
      TBA No. 24076368
      aene@dalyblack.com
      William X. King
      TBA No. 24072496
      wking@dalyblack.com
      Richard D. Daly
      TBA No. 00796429
      rdaly@dalyblack.com
      John Scott Black
      TBA No. 24012292
      jblack@dalyblack.com
      2211 Norfolk St., Suite 800
      Houston, Texas 77098
      713.655.1405—Telephone
      713.655.1587—Fax

ATTORNEYS FOR PLAINTIFF
JAMES WALLACE

7

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

|  |  |  |
|---|---|---|
| STANLEY WILSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | CIVIL ACTION NO. 2:13-cv-00235-J |
| INDIANA and TRACY AINSWORTH, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### ORDER

On November 21, 2013, Defendants removed the present case from the 181st Judicial District Court of Randall County, Texas on the basis of diversity jurisdiction. Despite the fact that Defendant Ainsworth and Plaintiff are both citizens of Texas, Defendants claim that diversity jurisdiction exists, contending that Defendant Ainsworth was "improperly joined in an effort to defeat diversity." Defendants thus move this Court to dismiss Defendant Ainsworth and thereby disregard his citizenship in determining whether jurisdiction exists. Plaintiff has neither responded to Defendants' request to dismiss Ainsworth nor moved to remand the case. This Court must nonetheless determine whether subject matter jurisdiction exists and whether remand is appropriate. *See Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (noting that "subject-matter delineations must be policed by the courts on their own initiative.").

### I.      BACKGROUND

Plaintiff is the owner of a homeowner's insurance policy issued by Safeco Insurance Company of Indiana. Plaintiff's state petition alleges that, following a May 28, 2013 hail storm that hit the Amarillo, Texas area, Plaintiff submitted a claim against his policy for the damages to

```
┌─────────────┐
│  EXHIBIT    │
│             │
│     B       │
└─────────────┘
```

his home resulting from the storm. Defendant Ainsworth was assigned as the individual adjuster on Plaintiff's claim. Plaintiff claims that Ainsworth "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." The complaint goes on to state that Defendant Ainsworth's unreasonable investigation "led to the underpayment of Plaintiff's claim," and that it was the Defendants' "outcome-oriented investigation of Plaintiff's claim" that resulted in "a biased, unfair and inequitable evaluation of Plaintiff's losses on the property." The majority of Plaintiff's complaint then parrots verbatim the various sections of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA") which he alleges have been violated. Plaintiff asserts causes of action for breach of contract and failure to effect prompt payment of claims solely against Safeco Insurance, but he alleges that Safeco and Ainsworth are both liable for violations of Chapter 541 of the Texas Insurance Code, as well as violations of the Texas Deceptive Trade Practices Act ("DTPA"). Defendants now argue that "Plaintiff's pleading provides no reasonable basis for this Court to predict that Texas law would allow recovery" under the Texas Insurance Code or the DTPA and that "Defendant Ainsworth was improperly joined and, therefore, this Court should disregard his citizenship when evaluating diversity."

## II.  DISCUSSION

A defendant is permitted to remove an action from state court to federal court only when the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). If federal jurisdiction is based upon diversity of citizenship, "[i]t is well-established that the diversity statute requires 'complete diversity' of citizenship: [a] district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the

defendants." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). Thus, a case is removable only where none of the "parties in interest *properly* joined and served as defendants" shares citizenship with the plaintiff. 28 U.S.C. § 1441(b) (emphasis added). Accordingly, a case may be removed despite the lack of complete diversity where the removing defendant shows that a party has been *improperly* joined. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (emphasis added). In such a case, the court is to disregard the citizenship of the improperly joined party. However, the "[t]he burden of persuasion placed upon those who cry '[improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981).

In order to establish the improper joinder of a party, the defendant must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573. The first—actual fraud—is not at issue in this case. Under the latter prong, the court is required to determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 647-48 (5th Cir. 2003)). The question is not "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only whether there is a possibility that the plaintiff might do so. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005). And "[w]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiff['s] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999). In addressing an assertion of improper joinder, the court "must evaluate all of

the factual allegations in the light most favorable to the plaintiff," resolving all contested issues of substantive fact and ambiguities in state law in favor of the plaintiff. *Guillory*, 434 F.3d at 308.

The relevant inquiry for the Court is thus whether there is a reasonable basis to predict that Plaintiff might be able to recover against Defendant Ainsworth for violations of Chapter 541 of the Texas Insurance Code. Texas law confers a private cause of action on consumers for any unfair or deceptive insurance practices. Tex. Ins. Code § 541.003. Such causes of action may be brought against any "person" who is "engaged in the business of insurance," which is defined broadly to encompass both insurers and insurance adjusters. Tex. Ins. Code § 541.002; *see also Centaurus Unity v. Lexington Ins. Co.*, 766 F.Supp.2d 780, 787 (S.D. Tex. 2011) (collecting a number of Fifth Circuit cases which hold that "independent adjusters are subject to the Texas Insurance Code."). Here, Safeco seems to concede that it is possible to maintain an action under Chapter 541 of the Insurance Code against an adjuster in his individual capacity; rather, Safeco argues that "Plaintiff fails to allege any specific facts that establish a valid cause of action against Ainsworth" specifically.

Because Plaintiff filed his original petition in state court, the proper pleading standard to apply when evaluating the sufficiency of the factual allegations is Texas' "fair notice" standard. *See Holmes v. Acceptance Cas. Ins. Co.*, 942 F.Supp.2d 637, 645 (E.D. Tex. 2013) (citing *Akerblom v. Ezra Holdings Ltd.*, No. 12-20182, 509 F. App'x 340, 344-45 (5th Cir. Jan. 28, 2013)) (determining the Texas pleading standard applies after referencing numerous cases which dispute whether to apply the Texas or federal standard of pleading). A Texas state court petition must "consist of a statement in plain and concise language of the . . . cause of action . . . . [L]egal conclusion[s] shall not be grounds for objection when fair notice to the opponent is given by the

allegations as a whole." Tex. R. Civ. P. 45(b). "Under this standard, the court examines whether the opposing party can ascertain from the pleadings the nature, basic issues, and the type of evidence that might be relevant to the controversy." *Holmes*, 942 F.Supp.2d at 646 (citing *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007)). The Fifth Circuit has also required that, "in order to recover against an adjuster, the plaintiff must demonstrate that the employee, as an individual, committed the violation that caused the harm." *Seabrook Marina, Inc. v. Scottsdale Ins. Co.*, 717 F.Supp.2d 691, 695 (S.D. Tex. 2010) (citing *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004)).

Here, Plaintiff alleges that Ainsworth "conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection." He contends that Defendant Ainsworth's unreasonable investigation "led to the underpayment of Plaintiff's claim," and that it was the Defendants' "outcome-oriented investigation of Plaintiff's claim" that resulted in "a biased, unfair and inequitable evaluation of Plaintiff's losses on the property." Although these factual allegations are minimal, they are sufficient to enable Defendant Ainsworth to ascertain "the nature, basic issues, and the type of evidence that might be relevant" to the claim against him for unfair settlement practices under section 541.060 of the Texas Insurance Code. *See, e.g.*, Tex. Ins. Code § 541.060(a)(2), (a)(7) (among others, "unfair settlement practices" include "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear" and "refusing to pay a claim without conducting a reasonable investigation with respect to the claim"). The complaint also specifically alleges that Ainsworth was tasked with adjusting Plaintiff's insurance claim but failed to complete a reasonable investigation, and

thus Ainsworth, "as an individual, committed the violation that caused the harm"—the underpayment of his claim. *See Seabrook*, 717 F.Supp.2d at 695. As such, the facts presented establish that Defendant Ainsworth could potentially be held personally liable under the Texas Insurance Code. *See Guillory*, 434 F.3d at 309 (the question is not "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only whether there is a possibility that the plaintiff might do so); *see also Centaurus Unity*, 766 F.Supp.2d at 788 (finding the allegations that the insurance adjusters "failed to conduct any independent or fair investigation into the damage to the Property;" "failed to properly inspect the Property and [the plaintiff's] related damages;" failed to properly request information;" and "failed to timely and properly report to [the insurer]" to be actionable under the Texas Insurance Code); *Escuadra v. Geovera Speciality Ins. Co.*, 739 F.Supp.2d 967, 983-84 (E.D. Tex. 2010) (deducing that the state petition contained factual allegations sufficient to render plausible one of her Texas Insurance Code claims against the insurance adjuster when it stated summarily that the adjuster "failed to even go up on the roof, making a thorough inspection of that damage impossible;" "failed and refused to include obvious structural damage to the home;" and should have requested "that a qualified engineer be assigned to review the damage"); *Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0768-D, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (holding that, "under Texas' system of notice pleading," the factual allegations that largely mirrored the statutory language was sufficient to state a claim against the insurance adjuster individually); *Killon v. Allstate Texas Lloyds Co.*, No. CA-C-03-442-H, 2004 WL 612843, at *6 (S.D. Tex. Feb. 25, 2004) (by asserting that "the inspection conducted at the behest of [one adjuster defendant] and ratified by [another adjuster defendant] was grossly insufficient," the court found the plaintiffs alleged colorable claims that the adjuster defendants violated the Texas

Insurance Code); *Blanchard v. State Farm Lloyds*, 206 F.Supp.2d 840, 843, 847 (S.D. Tex. 2001) (concluding the specific allegations that the adjuster "represented the policy provided coverage for damage caused as a result of plumbing leaks;" obtained a result-oriented engineer's report to assist the insurer in denying the claim; "disregarded all pertinent evidence relevant to why [the] damage was caused by plumbing leaks;" and "failed to fully and properly investigate the [p]laintiff's claim" stated viable claims against the adjuster for unfair claims handling practices in violation of the Texas Insurance Code); *cf. Griggs*, 181 F.3d at 699 (finding the plaintiff's petition, which failed to state any specific actionable conduct on the part of the defendant insurance agent and mentioned her only once, did not meet "even the liberalized requirements that permit notice pleading"); *Holmes*, 942 F.Supp.2d at 647-48 (because "all of [the plaintiff's] factual allegations [were] grouped indiscernibly against 'Defendants," in a single sentence, determining the plaintiff's petition did not distinguish the adjuster's actions from the insurers, nor did it allege "any specific, actionable conduct" by the adjuster).

The Court recognizes that there are both numerous and inconsistent opinions emanating from this Circuit based on similar factual scenarios.[1] *See Blanchard*, 206 F.Supp.2d at 842 n.1 (amassing cases that differ as to whether remand is appropriate). However, there are an ample number of decisions that have found that "similar combinations of specific factual allegations against the individual insurance adjuster defendant and conclusory legal allegations against all the defendants provide a reasonable basis for predicting recovery against the individual defendant under the Insurance Code." *Presley v. America First Ins. Co.*, No. H-10-4429, 2011 WL 486231, at *3 n.2 (S.D. Tex. Feb. 7, 2011) (listing some of those cases). It is also important

---

[1] To this end, Defendants rely heavily on one decision emanating from the Southern District of Texas, which states that where an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and "hence are insufficient to support a claim against the adjuster." *Dalton v. State Farm Lloyd's, Inc.*, No. H-12-3004, 2013 WL 3157532, at *6, *7 (S.D. Tex. June 19, 2013). Notwithstanding the fact that the decision is not binding on this Court, the proposition stated in *Dalton* is supported only by previous decisions of the same court and not by any controlling authority.

to bear in mind that it is the Defendants' heavy burden to show there "is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" Ainsworth and that "any doubt[s] about the propriety of removal must be resolved in favor of remand." *Gasch*, 491 F.3d at 281-82. Accordingly, because Defendant has not carried its burden of showing that "there is no reasonable basis for the district court to predict that [Plaintiff] might be able to recover against [Defendant Ainsworth]," improper joinder has not been established and the Court is unable to disregard Defendant Ainsworth's citizenship.

## III.    CONCLUSION

Because complete diversity is lacking, the federal courts lack jurisdiction over this case. It is therefore ORDERED that the above-styled and numbered cause is hereby REMANDED to the 181st Judicial District Court of Randall County, Texas.

IT IS SO ORDERED.

Signed this _____ day of January, 2014.


MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FABIO ALMEIDA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 7:12-CV-533 |
| | § | |
| BALBOA INSURANCE COMPANY, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Fabio and Elisane Almeida's ("Plaintiffs") self-styled "Plaintiffs Fabio and Elisane Almeida's Motion to Remand and Supporting Memorandum of Law."[1]  After considering the motion, response,[2] record, and relevant authorities, the Court **GRANTS** the motion.

## I.    Background

Plaintiffs allege that on or about March 29, 2012, their house and other property were damaged by a storm.[3]  Apparently dissatisfied with the handling of their insurance claim, Plaintiffs sued Balboa Insurance Company ("Balboa") and Charles Huebner ("Huebner") in state court.[4]  In the state court petition, Plaintiffs included the following theories of recovery: breach of contract, violations of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA").[5]

---

[1] Dkt. No. 14.
[2] Dkt. No. 20.
[3] Dkt. No. 1 at p. 14.
[4] Dkt. No. 1 at pp. 13-19.
[5] Dkt. No. 1 at pp. 15-17.

## II. Analysis

On December 28, 2012, Balbo removed this case to federal court.[6] In the notice of removal, Balboa asserted that this Court has jurisdiction based on 28 U.S.C. § 1332. Specifically, Balboa claimed that the amount in controversy exceeded $75,000.[7] Balboa also claimed that there was complete diversity because Huebner, the non-diverse defendant, is fraudulently joined.[8] Plaintiffs moved for remand claiming that Huebner is properly joined.[9]

The Court does not have subject matter jurisdiction under 28 U.S.C. § 1332 unless the parties are completely diverse and the amount in controversy exceeds $75,000. It is undisputed that the amount in controversy requirement is satisfied in this case. Thus, Balboa must prevail on the improper joinder issue in order to avoid remand.

The Court notes that "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[10] Here, the issue of improper joinder is before the Court. The Fifth Circuit has stated that "[t]he doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a heavy one."[11] "[T]he Court must resolve all ambiguities of state law in favor of the non-removing party."[12]

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[13] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint

---

[6] Dkt. No. 1.
[7] Dkt. No. 1 at p. 2.
[8] Dkt. No. 1 at pp. 2-3.
[9] Dkt. No. 14.
[10] Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted).
[11] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (internal quotation marks and citations omitted).
[12] Id. (internal quotation marks and citation omitted).
[13] Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citations omitted).

as it exists at the time of removal."[14]   The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[15]   The Supreme Court of Texas has stated:

> In determining whether a cause of action was pled, plaintiff's pleadings must be adequate for the court to be able, from an examination of the plaintiff's pleadings alone, to ascertain with reasonable certainty and without resorting to information aliunde the elements of plaintiff's cause of action and the relief sought with sufficient information upon which to base a judgment.[16]

In other words, the pleading must state a cause of action and give fair notice of the relief sought.[17]

Although the Court *is permitted* to pierce the pleadings in certain improper joinder analyses,[18] it *is not required* to do so.  The Court should do so "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[19]   A review of Plaintiffs' motion to remand and its attachments and Balboa's response and its attachments does not convince the Court that it should pierce the pleadings here. The Court will not pierce the pleadings in this case.  This means the Court will not look beyond the state court petition.

Turning to the state court petition, it includes the following allegations by Plaintiffs:

"Plaintiffs are Texas residents . . . ."[20]

"Balboa is an insurance company doing business in the State of Texas . . . ."[21]

---

[14] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

[15] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., Civ. No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).

[16] Stoner v. Thompson, 578 S.W.2d 679, 683 (Tex. 1979) (citation omitted).

[17] *Id.*, Tex. R. Civ. P. 45 & 47.

[18] *Smallwood*, 385 F.3d at 573.

[19] *Id.* at 573-74.

[20] Dkt. No. 1 at p. 13.

[21] Dkt. No. 1 at p. 13.

"Charles Huebner is a Texas resident who participated in adjusting Plaintiffs' insurance claim . . . ."[22]

"Plaintiffs are named insureds under a property insurance policy issued by Balboa."[23]

"Huebner was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection."[24]

"Huebner's unreasonable investigation led to the underpayment of Plaintiffs' claim."[25]

"Moreover, Balboa and Huebner performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property."[26]

"Each of the foregoing paragraphs is incorporated by reference in the following:"[27]

"Defendants violated § 541.060 by: (1) misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue; . . . (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim . . . ."[28]

Upon initial examination, the petition appears to sufficiently allege that the non-diverse defendant violated § 541.060 of the Texas Insurance Code. The Court will now consider Balboa's arguments that the petition does not state a claim against the non-diverse defendant. Balboa's response boils down to a single argument: Because Plaintiffs failed to include sufficient factual allegations in the petition to state a claim against Huebner, Huebner is improperly joined.

The Court disagrees with Balboa's assessment. Although the state court petition is no model of draftsmanship, Plaintiffs have managed to state a claim against Huebner under the

---

[22] Dkt. No. 1 at p. 13.
[23] Dkt. No. 1 at p. 14.
[24] Dkt. No. 1 at p. 14.
[25] Dkt. No. 1 at p. 14.
[26] Dkt. No. 1 at p. 14.
[27] Dkt. No. 1 at p. 15.
[28] Dkt. No. 1 at pp. 15-16.

admittedly lenient state court pleading standard.  Specifically, the complaint alleges that Huebner "participated in adjusting Plaintiffs' insurance claim" and "was assigned as an individual adjuster on the claim[.]"  This is a sufficient allegation that Huebner engaged in the business of insurance and is therefore a "person" subject to the insurance code.[29]  The Court also notes that Balboa does not dispute that Huebner is a person subject to the insurance code.  Additionally, Plaintiffs allege that the defendants "misrepresent[ed] to Plaintiffs a material fact or policy provision relating to coverage at issue[]" and "refus[ed] to pay the claim without conducting a reasonable investigation with respect to the claim[.]"   Plaintiffs further allege that "Huebner was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages he observed during the inspection."   These are sufficient allegations that the non-diverse defendant violated § 541.060 of the Texas Insurance Code.  Furthermore, Plaintiffs claim that they were harmed by Huebner's actions in that they allege that "Huebner's unreasonable investigation led to the underpayment of Plaintiffs' claim."  This is a sufficient allegation of damages.

Thus, the Court finds that the petition states a cause of action against the non-diverse defendant and gives him fair notice of the relief sought.  That is sufficient to state a claim against the non-diverse defendant under the state court pleading standards.

---

[29] *See* Tex. Ins. Code Ann. § 541.002 (West Supp. 2012); *cf.* Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 280 & n.2, 282 (5th Cir. 2007) (citing Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484-86 (Tex. 1998)).

## III. Conclusion

After considering the motion, response, record and relevant authorities, the Court finds that Balboa has not met its burden of demonstrating that the non-diverse defendant is improperly joined. Accordingly, the Court finds that it lacks jurisdiction because the parties are not completely diverse and **GRANTS** Plaintiffs' motion to remand. Therefore, this case is **REMANDED** to the 139th Judicial District Court of Hidalgo County, Texas.

IT IS SO ORDERED.

DONE this 8th day of March, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE